Brian E. ROHRBOUGH, Susan A. Petrone, individually and as personal representative of the estate of Daniel Rohrbough, deceased, Donald F. Fleming, individually and as personal representative of the estate of Kelly Fleming, deceased, Diedra A. Fleming, Erin Fleming, Joseph R. Kechter, individually and as personal representative of the estate of Matthew Joseph Kechter, deceased, Ann Marie Kechter, Adam D. Kechter, a minor child, by and through his parents and next friends, Joseph R. Kechter and Ann Marie Kechter, Dawn L. Anna, individually and as personal representative of the estate of Lauren D. Townsend, deceased, Matthew Townsend, Kristin Townsend, Joshua Townsend, Albert B. Velasquez, individually and as personal representative of the estate of Kyle A. Velasquez, deceased Phyllis E. Velasquez, and Bradley S. Bernall and Misty R. Bernall, individually, and as Co-personal representatives of the estate of Cassie R. Bernall, deceased, Plaintiffs,

v.

John P. STONE, the Sheriff of Jefferson County, Colorado, Individually and in his Official Capacity, Jefferson County Sheriff's Department a/k/a Jefferson County Sheriff's Office, John Dunaway, Individually, Terry Manwaring, Individually, David Walcher, Individually, Philip HY, Individually, John Kiekbusch, Individually, Neil Gardner, Individually, Paul Magor, Individually, Paul Smoker, Individually, Scott Taborsky, Individually, Rick Searle, Individually, Kevin Walker, Individually, John Does Numbers 1–100, individually, the Board of County Commissioners of the County of Jefferson, Colorado, Thomas E. Klebold, Susan Klebold, and Ronald Frank Hartmann, Defendants.

No. CIV.00–B–808.

United States District Court, D. Colorado.

Jan. 23, 2002.

James Parker Rouse, Sr., Rouse & Associates, PC, Englewood, CO, Barry Kevin Arrington, Arrington & Associates, PC, Golden, CO, for Plaintiffs.

J. Andrew Nathan, Andrew J. Fisher, Bernard Roland Woessner, Nathan, Bremer, Dumm & Myers, PC., Denver, CO, William A. Tuthill, III, Lily Wallman Oeffler, County Attorney's Office, Golden, CO, Alan Kaminsky, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, Joel A. Kolodny, Lorraine Elizabeth Parker, Steven Gregory Greenlee, Montgomery, Kolodny, Amatuzio, Dusbabek & Parker LLP, Denver, CO, Gregg E. Kay, Franklin D. Patterson, Patterson, Nuss & Seymour, P.C., Englewood, CO, Scott Jurdem, Buchanan, Jurdem & Cederberg, PC, Denver, CO, Michael B. Sullivan, Heather A. Salg, Harris, Karstaedt, Jamison & Powers, P.C., Englewood, CO, Alaurice Marie Tafoya, Alaurice M. Tafoya, Law Office, Denver, CO, J. Stephen Mullen, Retherford, Mullen, Johnson & Bruce, Colorado Springs, CO, Richard Lee Everstine, Michele R. Prud'Homme, Robert Patrick Ingram, Dickinson, Everstine & Prud'Homme, Denver, CO, Michael R. Waters, Jones & Waters, LLC, Colorado Springs, CO, for Defendants.

## ORDER

BABCOCK, Chief Judge.

On December 26, 2001, plaintiffs, with the exception of Bradley S. Bernall and Misty R. Bernall, filed their "Motion For Reconsideration Under Fed. R.Civ. P. 59(e) Or, In The Alternative, For Relief From Judgment Under Fed.R.Civ.P. 60(B); And Motion To Amend Complaint" (the motion). The sheriff defendants have responded to the motion. I construe the motion for reconsideration as one for new trial pursuant to Fed.R.Civ.P. 59(e).

Plaintiffs first proffer "New Evidence Regarding the Shooting Death of Daniel Rohrbough." They now proffer the specific identity of a Denver City and County Police Officer. For purposes of this motion only, I accept as true the proffered identity of the Denver Police Officer alleged to have fatally wounded Brian Rohrbough. Plaintiffs next assert "New Evidence Regarding Law Enforcement Pattern of Falsification and Deceit." Based upon this new evidence, the plaintiffs contend the judgment entered upon my December 12, 2001, Amended Memorandum Opinion and Order (the Order) should be vacated and plaintiffs should be allowed to amend their complaint.

The Order addressed the Rohrbough claim one for wrongful death occa-

sioned by wilful and wanton misconduct as distinct from that of the other plaintiffs. This is because the identity of the law enforcement officer who was alleged to have fatally shot Daniel Rohrbough could not be stated other than as a John Doe. Paragraph 27 of the Second Amended Complaint alleged that: "Defendants John Does Numbers 1–100 were at all pertinent times herein law enforcement officers, employees, and *agents of or aiding* Defendant Stone and/or the Sheriff's Department in some manner with the Sheriff's Department's response to the shooting at Columbine High School on April 20, 1999." (Emphasis Added.) The sheriff defendants contend that the proffered identity of the Denver Police Officer alleged to have fatally shot Daniel Rohrbough manifests the Order's correct result as to the sheriff defendants. The sheriff defendants read Paragraph 27 of the Second Amended Complaint too narrowly. As a law enforcement officer acting as an agent of or aiding the sheriff defendants, these defendants would not necessarily be relieved from liability for this narrow reason alone.

However, the controlling law of duty and immunity set forth in the companion case of *Schnurr, et al. v. The Board of County Commissioners of Jefferson County, et al.,* Civil Case No. 00–B–790, was incorporated into the Order. That law was also set forth at length in the companion case of *Castaldo, et al. v. Jefferson County Sheriff John C. Stone, et al.,* Civil Case No. 00–B–1611. Application of this law to this "newly discovered evidence" has no probability of changing the result and, thus, is immaterial within the meaning of Rule 59(e). Additionally, this "new evidence" has no bearing upon the other plaintiffs' motion. Any amendment would be futile.

Plaintiffs also proffer new evidence regarding a law enforcement pattern of falsification and deceit. Read in a Rule 59(e) context, Paragraphs 21(1–3), (9), (14–15) and (18–23) relate to the allegation that Daniel Rohrbough was fatally shot by the identified Denver Police Officer. As I stated, assuming the truth of that allegation, the outcome remains unchanged.

Paragraphs 21(4–8), (25–26), and (29) of plaintiffs' motion relate to allegations that the sheriff defendants were aware or should have been aware of the risk that Harris and Klebold would attack Columbine High School and, thus, the sheriff defendants should have acted to prevent the attack. First, these allegations repeat the substance of Paragraphs 41 through 51 of plaintiffs' Second Amended Complaint. As noted at page 8 of the Amended Order, plaintiffs explicitly disclaimed any claim based upon the sheriff defendants pre-attack conduct. Despite ample opportunity to assert such claims as were asserted by numerous other plaintiffs in related cases, the plaintiffs here elected not to do so.

The balance of the allegations in Paragraphs 21 (10–13), (16–17), (24), and (27–28) relate to post attack alleged misconduct and have no bearing upon the Amended Order's Rule 12(b)(6) analysis.

I conclude that any evidence proffered here as newly discovered has no probability of changing the Amended Order's result and is not material within the meaning of Rule 59(e). I further conclude that plaintiffs have failed to meet their burden to show that relief is warranted to correct manifest error of law or fact or to prevent manifest injustice. Any amendment would be futile.

■ Out of an abundance of caution, I also construe the motion as one for relief from final judgment for fraud, misrepresentation or other misconduct of an adverse party under Fed.R.Civ.P. 60(b)(3). The plaintiffs' burden to prove fraud, misrepresentation or misconduct is by clear and convincing evidence. Further plain-

tiffs must show denial of opportunity to be fully and fairly hearing. Plaintiffs fail to meet their burden pursuant to Rule 60(b)(3).

IT IS THEREFORE ORDERED that the plaintiffs' motion is DENIED.